# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

STEPHANIE GOETTL VANDER PAS,

   Plaintiff,

  v.        Case No. 21-CV-1148

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,

   Defendant.

## STIPULATED PROTECTIVE ORDER

### PARTIES' AGREEMENT

 The Defendant Board of Regents of the University of Wisconsin System represents and submits that Plaintiff served a subpoena on the Defendant seeking records containing confidential personnel and student information that may be protected from public disclosure by state or federal law, including but not limited to, records subject to the Family Educational Rights and Privacy Act of 1974 (FERPA), *see* 20 U.S.C. § 1232g and 34 C.F.R. Part 99, the balancing test of Wis. Stat. § 19.35(1)(a), and other statutory and common law exceptions to disclosure of public records. *See e.g., Hempel v. City of Baraboo*, 2005 WI 120, 284 Wis. 2d 162, 699 N.W.2d 551; *Seifert v. School Dist. Of Sheboygan Falls*, 2007 WI App 207, 305 Wis. 2d 582, 740 N.W.2d 177.

Based on the Defendant's representations, the Plaintiff agrees to the entry by the Court of the proposed protective order filed herewith, pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26(e).

Agreed upon this 19th day of September, 2022.

On Behalf of the Plaintiff:

GODFREY, LEIBSLE, BLACKBOURN & HOWARTH, S.C.

s/Lisle W. Blackbourn
Lisle W. Blackbourn (1003897)
Janel Bergsbaken (1090500)

On Behalf of the Defendant:

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Rachel L. Bachhuber
RACHEL L. BACHHUBER
Assistant Attorney General
State Bar #1052553

KATHERINE C. POLICH
Assistant Attorney General
State Bar #1065796

JENNIFER R. REMINGTON
Assistant Attorney General
State Bar #1098838

# PROTECTIVE ORDER

Based on the Agreement of Plaintiff Stephanie Goettl Vander Pas ("Plaintiff") and Defendant Board of Regents of the University of Wisconsin System ("Defendant") (collectively, the "Parties"), and the factual representations made by Defendant as set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Protective Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony

IT IS THEREFORE ORDERED THAT, pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26(e):

## A. Designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

Designation of information under this Protective Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words CONFIDENTIAL or ATTORNEYS' EYES ONLY.

1. One who produces information, documents, or other material may designate them as CONFIDENTIAL when the person in good faith believes they contain nonpublic confidential information of a personal or proprietary nature, such as documents containing personally identifiable information and documents containing information regarding an individual that is protected from public disclosure by state or federal law.

2.    One who produces information, documents, or other material may designate them as ATTORNEYS' EYES ONLY when the person in good faith believes that they contain particularly sensitive nonpublic confidential information of a personal nature that requires protection beyond that afforded by a CONFIDENTIAL designation, such as documents containing confidential student complainant information (protected under federal law) that are unrelated to the issues in this lawsuit, but nevertheless responsive to specific discovery demands

3.    Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

4.    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if

designated as such when the deposition is taken or within 10 days of receipt of the deposition transcript.

5. If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**B. Disclosure and use of CONFIDENTIAL and ATTORNEYS' EYES ONLY.**

Information, documents, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order must not be used or disclosed by the Parties or counsel for the Parties or any persons identified in subparagraphs B.1. and B.2. below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

1. <u>CONFIDENTIAL INFORMATION.</u> The Parties and counsel for the Parties must not disclose or permit the disclosure of any information, documents or other material designated as CONFIDENTIAL by any other party or third party under this Protective Order, except that disclosures may be made in the following circumstances:

a.    Disclosure may be made to employees of counsel for the Parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure must be advised of, and become subject to, the provisions of this Protective Order requiring that the information, documents, or other material be held in confidence.

b.    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

c.    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Protective Order.

d.    Disclosure may be made to consultants, investigators, or experts (collectively, "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the information, documents, or other material be held in confidence.

e.    Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

f.    Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information. For the person or party already in lawful and legitimate possession of such CONFIDENTIAL information as part of the regular business operations of the person or party, this order does not apply to lawful disclosures that must be made in the regular business operations of the person or party.

g.    Disclosure may be made to the Court in this case consistent with the procedures set forth in Section C.2.

2.    <u>ATTORNEYS' EYES ONLY INFORMATION</u>. The Parties and counsel for the Parties must not disclose or permit the disclosure of any information, documents, or other material designated as ATTORNEYS' EYES ONLY by any other

party or third party under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

a. Disclosure may be made to counsel and employees of counsel for the Parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Protective Order requiring that the information, documents, or other material be held in confidence.

b. Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information. For the person or party already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information as part of the regular business operations of the person or party, this order does not apply to lawful disclosures that must be made in the regular business operations of the person or party.

c. Disclosure may be made to the Court in this case consistent with the procedures set forth in Section C.2.

3.  REDACTION OF IDENTIFYING INFORMATION OF CERTAIN NON-PARTIES. The Parties agree to redact the following information before disclosure or filing in the court's public record:

a. Disclosures that contain identifying information for any persons that have alleged to be victims of sexual misconduct must be redacted prior to disclosure.

b. In any court filings (except for documents filed under seal), the identifying information for any persons that have alleged to be a victim of sexual misconduct must be redacted or replaced by an appropriate non-identifying pseudonym prior to the filing.

C. **Maintenance of confidentiality.**

Except as provided in Section B above, counsel for the Parties must keep all information, documents, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are received under this Protective Order secure

within their exclusive possession and must place such information, documents, or other material in a secure area.

1.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Protective Order, or any portion thereof, must be immediately affixed with the words CONFIDENTIAL or ATTORNEYS' EYES ONLY if not already containing that designation.

2.    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d). If a Court filing contains information, documents, or other materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a third party, the party making the filing shall provide advance notice of the filing to the third party.

**D.    Challenges to confidentiality designation.**

The designation of any material or document as CONFIDENTIAL or ATTORNEYS' EYES ONLY is subject to challenge by any party. A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the certification required by Rule 37(a)(1) and Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as CONFIDENTIAL or

ATTORNEYS' EYES ONLY. The Court may award the prevailing party on any such motion actual attorney fees and costs attributable to the motion.

### E.    CONCLUSION OF LITIGATION.

At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order must be returned to the originating party or, if the Parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Protective Order.

SO ORDERED, this _____ day of_____, _____

_____
U.S. District Judge