IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

STEPHANIE GOETTL VANDER PAS,

    Plaintiff,

v.                                                Case No. 21C1148

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,

    Defendant.

## DEFENDANT'S CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO FILE AN OVERSIZED BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiff Board of Regents of the University of Wisconsin System, by its counsel, respectfully moves for leave to file an oversized brief in support of its motion for summary judgment. The reasons supporting the motion are as follows:

1. Vander Pas asserts two theories of liability for her Title IX claim: (1) an official policy claim; and (2) a post-assault claim (individual deliberate indifference claim). (Dkt. 20.) Plaintiff's official policy claim includes past allegations about lawsuits unrelated to this case, such as allegations involving a former University of Wisconsin-Whitewater (UWW) wrestling coach and a UWW student's complaints regarding a sexual assault by another student. (Dkt. 20 at 5-7, ¶¶ 32-53.) Defendant will need to address Plaintiff's allegations regarding these unrelated lawsuits, which will expand the briefing needed in this case.

2. Plaintiff is also pursuing a state law open records claim pursuant to Wis. Stat. §§ 19.35 and 19.37. Specifically, Plaintiff alleges that Defendant violated Wis. Stat. § 19.35 when it produced documents in response to Plaintiff's open records requests because Defendant redacted documents in compliance with the requirements set forth in the Family Educational Rights and Privacy Act (FERPA);[1] the balancing test of Wis. Stat. § 19.35(1)(a); the limitations set forth at Wis. Stat. § 19.36; and other statutory and common law exceptions to disclosure of public records. *See e.g.*, *Hempel v. City of Baraboo*, 2005 WI 120, 284 Wis. 2d 162, 699 N.W.2d 551; *Seifert v. School Dist. of Sheboygan Falls*, 2007 WI App 207, 305 Wis. 2d 582, 740 N.W.2d 177.

3. Defendant's summary judgment brief will need to include additional arguments relating to Plaintiff's claimed damages. Specifically, Plaintiff seeks $6,700,000 for past and future mental pain and suffering damages (dkt. 32-9 at 2-3), which contravenes the United States Supreme Court's ruling in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022).

4. In order to respond adequately to the 276 paragraphs of allegations in Plaintiff's 43-page Complaint (dkt. 20), including claims for damages foreclosed by United States Supreme Court precedent, Defendant respectfully requests that this Court allow Defendant to file an oversized brief of 20 extra pages.

5. No party will be prejudiced by the requested relief in this motion, and the request is not made for purposes of delay or any other improper purpose, but

---

[1] 20 U.S.C. § 1232g; 34 CFR Part 99.

rather to ensure that Defendant will have the opportunity to fully address all of the claims raised by the Plaintiff on summary judgment.

Wherefore, Defendant respectfully requests that the Court grant it leave to file an oversized brief of 20 extra pages in support of its motion for summary judgment.

Dated: February 7, 2023

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/Katherine C. Polich
KATHERINE C. POLICH
Assistant Attorney General
State Bar #106579

RACHEL L. BACHHUBER
Assistant Attorney General
State Bar #1052533

JENNIFER R. REMINGTON
Assistant Attorney General
State Bar #1098838

Attorneys for Defendant.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0188 (Bachhuber)
(608) 267-7163 (Polich)

(608) 267-2230 (Remington)
(608) 294-2907 (Fax)
bachhuberrl@doj.state.wi.us
polichkc@doj.state.wi.us
remingtonjr@doj.state.wi.us