# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEPHANIE GOETTL VANDER PAS,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM,<br><br>Defendant. | Case No. 21-CV-1148-JPS<br><br>**ORDER** |

Before the Court are (1) Defendant's Civil Local Rule 7(h) motion to amend its answer, ECF No. 36; (2) Defendant's Civil Local Rule 7(h) motion for relief from the Court's summary judgment procedures, ECF No. 38; and (3) Defendant's motion for summary judgment, ECF No. 42.

As to the first motion, Defendant filed its motion to amend its answer under Civil Local Rule 7(h).[1] That rule permits a party to move for relief on an expedited basis, provided that the motion "not exceed 3 pages excluding any caption and signature block." Civ. L.R. 7(h)(2). Defendant's motion, excluding the caption and signature block, is nearly five pages long. Therefore, the Court construes it under Civil Local Rule 7(a), which governs motion practice generally (except for summary judgment motions), and will order Plaintiff to file a response by March 1, 2023. Defendant may then

---

[1] The Court will grant Defendant's motion to amend/correct its motion to amend its answer. ECF No. 52. Despite Defendant flagging in that motion that the underlying motion to amend the answer was filed under Civil Local Rule 7(h), the Court's forthcoming conclusion as to the motion stands. In responding to the motion, Plaintiff shall consider the attachments, particularly the proposed amended answer, to the motion to amend/correct the motion to amend the answer.

file a reply, if any, within fourteen (14) days after Plaintiff files her response. Civ. L.R. 7(b)–(c).

Turning to Defendant's second motion, that motion will be summarily denied. The Court's Pretrial Order requires parties to submit agreed-upon jury instructions with a motion for summary judgment, *and* to meet-and-confer 30 days prior to the filing of a motion and submit a single, agreed-upon statement of facts, written in narrative form, along with an optional one page each of itemized disputed facts. ECF No. 19 at 4. In its motion, Defendant details a dispute as to the jury instructions, specifically the elements of Plaintiff's Title IX indirect discrimination (or "post assault") claim. ECF No. 38. With nary a word of further explanation, Defendant states that "Plaintiff's refusal to confer in good faith regarding the proposed jury instructions in this case has obstructed Defendant from proposing an agreed-upon statement of facts and referring to agreed upon elements of the jury instructions in its summary judgment briefing." *Id.* at 3.

This statement can be charitably described as Defendant throwing up its hands and saying it did all it could, after really having tried nothing at all. As an initial matter, by way of support, Defendant attaches one email exchange in which it emailed Plaintiff proposed jury instructions and Plaintiff sent back revisions. The Court cannot fathom how this conduct can be described as a "refusal to confer in good faith." Second, the dispute as to the jury instructions ostensibly deals with one element (or, generously, two elements) of one of Plaintiff's claims. There is no conceivable reason why this dispute would have prevented the parties from meeting-and-conferring on an agreed-upon statement of facts and, indeed, it does not appear that the parties even tried to do so. In the Court's view, Defendant saw an opportunity to try to avoid the Court's protocols in their entirety

and ran with it. This is made all the more evident by the fact that the motion for relief from the protocols was filed days before the summary judgment deadline, despite the fact that the Court ordered the parties to meet-and-confer 30 days in advance of the deadline. The Court will not permit this poorly disguised gamesmanship.

In light of the foregoing, the Court will deny Defendants' current motion for summary judgment, which attaches 150 itemized proposed findings of fact, without prejudice as noncompliant with the Court's summary judgment protocols. Should either party wish to file a renewed motion for summary judgment, they must move for leave to do so, attaching thereto a proposed motion for, and brief in support of, summary judgment. The parties remain obligated to comply with the Court's summary judgment protocols, including the meet-and-confer requirement, as set forth in its Pretrial Order, ECF No. 19. The parties may brief their disagreement as to the jury instructions in their summary judgment briefing, and each party should attach their proposed jury instructions to their briefing.[2]

Accordingly,

**IT IS ORDERED** that Defendant's motion for relief from the Court's summary judgment protocols, ECF No. 38, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment, ECF No. 42, be and the same is hereby **DENIED without prejudice**;

---

[2] Defendant's motion to compel, to stay, and for sanctions remains pending and is subject to the briefing schedule laid out in Civil Local Rule 7(a)–(c). ECF No. 31.

**IT IS FURTHER ORDERED** that Defendant's motion to amend/correct its motion to amend its answer, ECF No. 52, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff file a response to Defendant's motion to amend its answer, ECF No. 36, **on or before March 1, 2023**; Defendant may file a reply **fourteen (14)** days thereafter.

Dated at Milwaukee, Wisconsin, this 17th day of February, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge