# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEPHANIE GOETTL VANDER PAS,

        Plaintiff,

v.

BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM,

        Defendant.

Case No. 21-CV-1148-JPS

**ORDER**

      On March 27, 2023, the Court dismissed this action with prejudice as a sanction for copious instances of willful discovery and litigation misconduct. ECF Nos. 67, 68. The Court also ordered Plaintiff's counsel to pay Defendant's reasonable attorneys' fees and costs of filing the underlying motion to compel and for sanctions. ECF No. 67. Now before the Court are (1) Plaintiff's motion to reconsider and vacate the March 27, 2023 order and judgment and (2) Defendant's motion for attorneys' fees pursuant to the Court's March 27, 2023 order. ECF Nos. 69, 72. For the reasons set forth below, the Court denies Plaintiff's motion to reconsider and vacate the judgment and grants in part Defendant's motion for attorneys' fees. The Court will award Defendant the total sum of $8,858.75 as reasonable attorneys' fees, to be paid by Plaintiff's counsel. The matter of costs will be taken up separately by the Clerk of Court during her review of the bill of costs, ECF No. 70, and associated briefing.

1. **PLAINTIFF'S MOTION TO RECONSIDER AND VACATE THE JUDGMENT**

Plaintiff moves to reconsider and vacate the March 27, 2023 order and judgment under Federal Rule of Civil Procedure 59(e). ECF No. 73 at 2. Rule 59(e) applies only in limited circumstances. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Instead, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (internal citation omitted).

Plaintiff challenges the Court's March 27, 2023 order, which granted Defendant's combined motion to compel and for sanctions, ECF No. 31, and associated judgment on two bases. First, Plaintiff contends that Defendant did not move for sanctions on the grounds of perjury or failure to investigate, but rather only on the ground of spoliation; as a result, she was not able to brief the former two allegations as they relate to the imposition of sanctions. ECF No. 73 at 2. Second, Plaintiff argues that she should have received an evidentiary hearing prior to the Court making a perjury finding. *Id.* at 4. What Plaintiff does *not* challenge, however, are the copious instances of willful discovery misconduct (both of withholding discovery and failure to investigate) that the Court found, and enumerated, in prose and chart form, over the course of a 32-page order. Plaintiff's counsel's conduct throughout this case has given new meaning to the age-old term "obfuscation." And the instant motion is yet another example.

With respect to Plaintiff's first contention, the Court had before it a motion to compel detailing a concerning record of willful discovery and litigation misconduct. The Court was clear that it based its decision to enter a sanction on its "inherent authority to . . . impose appropriate sanctions to penalize and discourage misconduct." ECF No. 67 at 28 (quoting *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016)). Therefore, contrary to Plaintiff's argument, the specific provision of the Federal Rules under which Defendant moved for sanctions is immaterial. *Id.* at 28–31; *see also Fuery v. City of Chicago*, 900 F.3d 450, 468 (7th Cir. 2018) ("We need not address all of plaintiffs' arguments about the timing of the sanctions, and the motions initiating them. The sanctions here . . . were issued pursuant to the court's inherent authority. A court may invoke its inherent authority to sanction *sua sponte*.") (citation omitted); *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 278 (7th Cir. 1986) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 631–33 (1962) (*sua sponte* dismissal appropriate where the court carefully explains the record of contumacious conduct and notes why lesser sanctions are inappropriate)).

At any rate, the Court agrees with Defendant that the sanction here was far from *sua sponte*. It "was evident from its opening brief" that Defendant "was seeking dismissal as a sanction." ECF No. 77 at 6; *see also Malibu Media, LLC v. Tashiro*, No. 1:13-CV-00205-WTL, 2015 WL 2371597, at *1, *22–23 (S.D. Ind. May 18, 2015) (analyzing failure to investigate and entering sanction of dismissal accordingly on motion labeled as one for sanctions for spoliation and perjury). Additionally, the Court's discussion of Plaintiff's counsel's failure to investigate was catalogued in a chart and analyzed alongside Plaintiff's counsel's withholding of discovery, the latter

of which Plaintiff does not challenge as a basis for a sanction—and which alone could have justified the Court's sanction. ECF No. 67 at 21–28.

To the extent Plaintiff argues that she was not able to respond to the facts underlying the Court's perjury and failure to investigate findings, and not just their availability for sanctions, that argument also defies logic. The course of intentional discovery abuse as to both issues was detailed in Defendant's moving brief. Specifically, Defendant's moving brief was rife with allegations of Plaintiff and her counsel's failure to investigate and of Plaintiff's perjury. ECF No. 33. Plaintiff responded to all but one of these contentions in her opposition, which responsive arguments the Court painstakingly detailed and considered. *Compare* ECF No. 56, *with* ECF No. 67 at 2–13.

The Court reiterates only a handful of those underlying allegations from Defendant's moving brief here. *See, e.g.*, ECF No. 33 at 3 ("At first, Plaintiff denied the existence of much of this evidence. Now she just refuses to produce it."); 4 ("Four months and six supplemental discovery productions later, Defendant has not yet received complete responses to its discovery requests because Plaintiff has willfully withheld and destroyed evidence."); 5–6, 17 ("Plaintiff's counsel email[ed] defense counsel stating that Plaintiff has no further emails, text messages, or social media data to produce" followed by several additional document productions of the same, including after Plaintiff's deposition); 9 (discussing repeated amendments to dates of onset of medical diagnoses); 11 (discussing waiver of relevance objection); 11–12 (discussing failure to produce signed medical authorizations); 12 ("No journal entry prior to December 16, 2021 has ever been produced" and Defendant only ever received journals after "Defendant pointed out that Plaintiff referenced a journal in the other

documents she had produced on October 26, 2022"); 16–20 (describing unilateral narrowing of social media collection); 18 (describing supplement to interrogatory response adding additional relevant social media accounts after Plaintiff's deposition); and 23 (discussing Facebook message describing relevant text messages that was not produced until after Plaintiff's deposition); *see also id.* at 12 ("Plaintiff lied under oath at her deposition in order to obstruct disclosure of her journals."); and 23 ("Plaintiff not only deleted text messages she sent about this lawsuit, but she lied about it under oath at her deposition.").

Plaintiff's second contention, which relies upon mischaracterizations (at best) of the case law, fares no better. For example, Plaintiff argues that "[c]ourts that have ordered dismissal on the basis of perjury determinations on a paper record have been overturned." ECF No. 73 at 5 (citing *Montano v. City of Chicago*, 535 F.3d 558, 566–67 (7th Cir. 2008)). While true that the Seventh Circuit reversed the district court in *Montano*, that decision was not based on a lack of evidentiary hearing; it was based on the district court not applying any definition of perjury and relying purely on inconsistencies better suited for impeachment. *Montano*, 535 F.3d at 564. Instead, the Seventh Circuit has plainly held that "the right to a hearing in these circumstances is obviously limited to cases where a hearing could assist the court in its decision." *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1495 (7th Cir. 1989). Whether a party requests an evidentiary hearing is also pertinent. *Id.*; *see also Whitehead v. Fuchs*, No. 21-CV-100-WMC, 2021 WL 4169388, at *1 (W.D. Wis. Sept. 14, 2021) ("Based on its review of plaintiff's treatment records and the parties' submissions and the fact that neither party requests a hearing, the court concludes that a hearing would not further assist it in reaching a decision.").

In this case, Plaintiff did not request an evidentiary hearing. Plaintiff submitted an affidavit addressing some of the perjury contentions, and vehemently disputed Defendant's contentions regarding the nuances between pain "logs" and journals. *See* ECF No. 57 at 2 (discussing text messages); ECF No. 56 at 10 ("[Plaintiff] made it abundantly clear during her deposition that she did not consider her EDS pain log a journal."). In addition to finding the materials before it sufficient to make a determination, the Court also found that Plaintiff committed perjury not only based on Plaintiff's deposition testimony, but also on her knowingly incomplete and evasive interrogatory responses. ECF No. 67 at 27 (citing *Dotson v. Bravo*, 202 F.R.D. 559, 567 (N.D. Ill. 2001) ("Knowingly incomplete and misleading answers to written interrogatories constitutes perjury, as well as [] fraud.")). At any rate, the Court's sanction of dismissal was not based purely on its perjury findings, but rather "the overarching problems and the Court's most serious concerns relate[d] to [Plaintiff's] counsel's sweeping pattern of deception, which evinces a willful and intentional mindset." *Id.* at 30–31.

Therefore, for these reasons and all those set forth in the Court's March 27, 2023 order, including the chart detailing Plaintiff's counsel's record of inappropriate gamesmanship and obfuscation, Plaintiff's motion to reconsider and vacate the judgment, ECF No. 72, will be denied.

**2.     DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

In addition to entering the sanction of dismissal with prejudice, the Court awarded Defendant its reasonable attorneys' fees and costs for the motion to compel pursuant to Rule 37(a)(5)(A). ECF No. 67 at 31. Defendant moves for a total award of fees of $17,717.50. ECF No. 69. Defendant's motion is accompanied by declarations of counsel, who explain that

Page 6 of 9
Case 2:21-cv-01148-JPS    Filed 06/16/23    Page 6 of 9    Document 81

because they are State Department of Justice attorneys, they do not keep contemporaneous billing records. ECF Nos. 69, 69-1, 69-2. Instead, they estimate the hours they spent on the motion, and one of the two attorneys took her estimated hours and cut them in half. ECF No. 69-1 at 1; ECF No. 69-2. Both attorneys apply a rate of $190 per hour to a total of 93.25 hours to calculate their request. ECF No. 69 at 2.

Plaintiff argues that the motion for fees should be denied outright because Defendant's attorneys did not keep contemporaneous time records. ECF No. 71 at 2. Alternatively, Plaintiff argues that if the Court awards fees, the fees should be reduced because Defendant is not entitled to recover fees for time spent conferring and reviewing discovery prior to drafting the motion. *Id.* at 5.

The lack of contemporaneous time records does not mean that Defendant should recover nothing. *See, e.g.*, *New York v. Grand River Enters. Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL 4958653, at *5 (W.D.N.Y. Oct. 26, 2021) (citing *United States v. Acquest Transit LLC*, No. 09-CV-55S(F), 2016 WL 3536573, at *2 (W.D.N.Y. June 29, 2016) (argument that "the plaintiff government should not be permitted to recover any attorneys' fees where the government attorneys' claimed hours were not supported by contemporaneous time records" without merit)). However, the declarations before the Court are not sufficiently detailed for the Court to discern whether there is excessiveness, overlap, or the like. *Id.* at *6.

The Court has similar concerns regarding billing for time spent conferring. Although Defendant's vigorous tooth-and-nail pursuit of discovery, despite Plaintiff's counsel's consistently delayed, cagey, piecemeal, or flat-out inaccurate responses, unveiled the conduct at issue here, the manner in which this time is submitted also lacks granularity.

Courts apply percentage "fat-trimming" reductions in these situations. *Id.; see also Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage."). Because Defendant's submission lacks even the level of detail of the block-billed records analyzed in *Grand River*, where the court applied a 30% reduction, the Court will apply a 50% reduction here. Defendant is entitled to a total award of reasonable attorneys' fees in the amount of $8,858.75, to be paid by Plaintiff's counsel, as previously ordered.

3.  **CONCLUSION**

For the reasons set forth above, the Court denies Plaintiff's motion to reconsider and vacate the judgment, ECF No. 72. The Court grants in part Defendant's motion for attorneys' fees pursuant to the Court's March 27, 2023 order, ECF No. 69, and awards Defendant $8,858.75, to be paid by Plaintiff's counsel, as previously ordered. As earlier noted, the matter of costs will be addressed separately by the Clerk of Court.

Accordingly,

**IT IS ORDERED** that Plaintiff Stephanie Goettl Vander Pas's motion to reconsider and vacate the judgment, ECF No. 72, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Board of Regents of the University of Wisconsin System's motion for attorneys' fees pursuant to the Court's March 27, 2023 order, ECF No. 69, be and the same is hereby **GRANTED in part**; and

**IT IS FURTHER ORDERED** that Plaintiff Stephanie Goettl Vander Pas's counsel shall pay Defendant Board of Regents of the University of Wisconsin System's reasonable attorneys' fees in the total amount of $8,858.75.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge